## WILL IKARD v. THE STATE.

### No. 2956.   Decided February 24, 1904.

**1.—Local Option—Information—"Unlawfully" Defined.**

In an information for the violation of the local option law, it is not necessary to use the word "unlawfully," the statute defining this offense not using it.

**2.—Same—Matters of Defense.**

Any sale of intoxicating liquors, where local option is in force, except for medicinal and sacramental purposes, is unlawful, and the exemptions are matters of defense.

**3.—Evidence—Sufficiency to Sustain Conviction.**

Where the testimony for the State excludes the theory of any agency on the part of the alleged seller for the prosecutor, and also excludes a sending by express, it is sufficient to sustain the conviction.

**4.—Misconduct of Jury—Affidavits.**

Where the affidavits for appellant do not make out misconduct on the part of the jury and counter affidavits for the State satisfactorily explain such alleged misconduct, the verdict will not be disturbed.

**5.—Same—Practice—Jurors Impeaching Their Verdicts.**

The custom of jurors making affidavits in impeachment of their verdicts is not to be encouraged.

Appeal from the County Court of Parker.   Tried below before Hon. D. M. Alexander.

Appeal from a conviction for violation of the local option law; penalty, a fine of $25, and twenty days confinement in the county jail.

About the time alleged in the information prosecuting witness went to defendant's place of business in Weatherford, Texas, and asked him to order her some alcohol, handing him $1.35 to pay for it, the express charges and money order.   Defendant agreed to do so and told witness to return next day for it.   He stated next day that orders from Mineral Wells were coming in too slow and that he ordered the alcohol from Fort Worth, and that it had not yet arrived.   Soon thereafter, upon witness' return to defendant, on the same day, he handed witness a quart of alcohol, and she and her companion proceeded to drink some of it.   Defendant is a barber; he was given 25 cents for his trouble. The constable testified for the State that defendant told him that he ordered the alcohol through a stranger who had stayed all night with him and to whom he gave the money and told him to get the alcohol from Mineral Wells, where the stranger said he was going.   Defendant told this witness that he had never heard of the stranger before, did not know his name, gave him no money to pay his railroad fare to Mineral Wells; the stranger had no money; was broke, left his bundle in defendant's barber shop while he was gone to Mineral Wells, and that he had never heard of him since, after he brought back the alcohol.

By the express agent the State proved that no shipment of alcohol had been made to defendant at the time in question.

*R. B. Hood* and *Sam Shadle,* for appellant.—On question of quashing

information: Willson's Crim. Forms, Form No. 257, p. 133; Trimble v. State, 16 Texas Crim. App., 115.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, Judge.—Appellant was convicted of violating the local option law, and his punishment assessed at a fine of $25 and twenty days confinement in the county jail; hence this appeal.

Appellant insists that the information is defective for want of the word "unlawfully" that is, the information does not contain the allegation that the acts were done unlawfully. He cites us to Trimble v. State, 16 Texas Crim. App., 115. This was a robbery case, and was not reversed on the ground of any such omission as contained in this information, but because no direct averments of the essential elements of the alleged offense were used in the indictment. The State contends that the word "unlawfully" is not used in the statute, and that the information is sufficient in this respect if it follows the language of the statute. Mr. Bishop, in his work on Criminal Law, volume 1, sec. 503, says: "It is not necessary to use the word unlawfully, where the statute defining the offense does not use it." And see 2 Bishop Crim. Proc., secs. 58, 290, 292. As stated, our statute makes certain acts a violation of the local option law: any sale of intoxicating liquors, where local option is in force, except for medicinal and sacramental purposes, is unlawful. Our Constitution does not in terms exempt such sales, but it has been construed to exempt sales above referred to. These sales are matters of defense, and must be proved by defendant. We hold that it is not necessary that the information or indictment for selling intoxicating liquors in a local option territory, to allege it was unlawfully done.

We have examined the record, and in our opinion the testimony is sufficient to support the verdict. The testimony for the State excludes the theory of any agency on the part of the alleged seller for the prosecutor; and it also excludes a sending by express. The account or explanation given by appellant of sending for the whisky by a stranger who was going to Mineral Wells is too absurd for serious consideration. The charges given were sufficient and adequately presented both the State's and appellant's theories, and the requested charges were properly refused.

Appellant's own affidavits do not make out misconduct on the part of the jury; and the affidavits on the part of the State explain the alleged misconduct satisfactorily. The custom of jurors making affidavits in impeachment of their verdicts is not to be encouraged; and even if the affidavit of the recalcitrant juror had sufficiently made the issue, his statement was overwhelmingly contradicted by the counter affidavits of the other members of the jury.

There being no error in the record, the judgment is affirmed.

*Affirmed.*